Robinson, J.
Two questions are here presented for the determination of this court:
First: Is the record as kept by the secretary of the county board of education of Gallia county under the date of February 8, 1919, a substantial compliance with the requirements of Section 4732, General Code ?
Second: If not, can the record be supplemented by oral testimony so as to supply the deficiency ?
Section 4732, General Code, provides, among other things, “The secretary shall keep a full record of the proceedings of the board, properly indexed, in a book provided .for that purpose. Each motion, with the name of the person making it and the vote thereon, shall be entered on the record.”
The court of appeals found that the evidence established that the board of education on the 8th day of February, 1919, “did what, if properly entered on the record, would have constituted a valid election. The evidence proves that the acts of the board were legal and binding.” But the court further found that by reason of the failure of the secretary of the board to enter upon the record the proceedings of the board as they actually occurred, and by recording them in the form they were re *491 corded, the proceedings did not comply with the provision of Section 4732, General Code, as to “the vote thereon,” basing their opinion upon the case of Board of Education v. Best, 52 Ohio St., 138. An examination of that case will disclose that the court there had under consideration Section 3982, Revised Statutes, now Section 4752, General Code, and that that section provided “The clerk of the board shall publicly call the roll of the members composing the board and enter on the record the names of those voting ‘Aye’ and the names of those voting ‘No’.” We find no such provision in Section 4732, which provides simply for the keeping by the secretary of a full record, properly indexed and that “each motion, with the name of the person making it and the vote thereon, shall be entered on the record;” no provision for a public vote, no provision for an “aye” and “nay” vote, no provision even for the ascertaining of how each individual member voted, but simply a provision for the recording of the vote, which in substance amounts to a provision for the recording of the result of the vote. Indeed there is no provision of the code applicable to the proceedings of the county board of education, which in any way attempts to direct or control the manner of the expression of the vote of the respective members of the board. The vote may be taken by a secret ballot, by a display of the hand, by a roll call, or in any other manner which the board may select, and, when the expression of the will of the board is thus taken, it becomes the duty of the secretary of the board, who is not a member thereof and has no *492 vote, to record such vote, or the result thereof. It could not be claimed that if upon the motion of Mr. Deckard to fix the term at three years, and the salary at $2,000, the secretary had made the entry three votes in the affirmative and two votes in the negative, or five votes in the affirmative, as actually did occur, the provisions of the Code would not have been strictly complied with. Instead of máking such an-entry, however, he entered in the record “motion carried,” which in the common everyday usage of the English language conveyed the information to everybody that at least three out of the five had voted in the affirmative.
What legal difference- did it make whether two or no votes were cast in the negative, since the record discloses the motion received not only a majority of a quorum, but a majority of the whole board? And since the board is authorized to and does act by a majority of a quorum, and a quorum under Section 4733, General Code, is a majority of the board, it would have been possible under a minimum quorum for a motion to have been legally adopted by the affirmative vote of but two of its members. In all other respects the record is an exact compliance with the statute.
Without considering the parol evidence, which does not.in fact contradict -the record, but simply supplements it, we are able from the records of the county board of education, as entered by. the secretary of the board and approved at a subsequent meeting of the board composed of the same members, and recognized as correct by the board as now constituted by its attempt to rescind, to con *493 clusively find that a majority of the whole board did vote for the motion. That being so, the essential “vote thereon” by the entry “motion carried” was entered on the record.
Having reached the conclusion that the recording of the adoption of the motion of February 8, 1919, fixing the term and salary of the office of county superintendent, substantially complied with the Code, the validity of the election of the plaintiff in error necessarily follows, which was not thereafter subject to rescission by an ex parte proceeding such as attempted by the present board on August 1. Having reached this conclusion we do not find it necessary to pass upon the admissibility of the parol evidence, although we would be loath to lay down a rule which would enable a ministerial officer of such board to defeat the will of the board by a failure to perform a duty enjoined upon such ministerial officer by law. For be it remembered that it was the same ministerial officer who so punctiliously entered the proceedings of the board of the date of August 1st in exact compliance with the statute, upon which record the defendant in error based his right to retain the office, that made the entries in the record of the date of February 8, 1919, now made the excuse for excluding plaintiff in error from the office, although the actual proceedings of the board of that date were as exactly-in compliance with Section 4732 as were the proceedings of the date of August 1, 1919.
Since the Code was exactly complied with in the election and record thereof of the individual who was to fill the term, and at the salary provided' *494 in the first motion, the judgment of the court of appeals must be reversed, and this court proceeding to render the judgment that the court of appeals should have rendered adjudges that the defendant in error, John H. Matthews, be ousted from the position of county superintendent of the schools of Gallia county and that the plaintiff in error, Edward W. Edwards, be inducted into the same.

Judgment reversed.

Nichols, C. J., Jones, Matthias, Johnson, Wanamaker and Merrell, JJ., concur.